UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER HUNTER,

       Plaintiff,

v.                              Case No. 2:21-cv-476-JLB-NPM

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

_____

## REPORT AND RECOMMENDATION

Before the court is plaintiff Christopher Hunter's unopposed motion for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 22). This report recommends the motion be granted in part.

The Commissioner sought remand in this matter months before any joint memorandum was due. (Doc. 17). Hunter opposed the motion to remand in part because the proposed remand instructions did not instruct the ALJ to offer Hunter an opportunity for another hearing. (Doc. 18). The court adopted the recommendation that the motion to remand be granted with additional instructions to offer Hunter an opportunity for a new hearing. (Docs. 19, 20). And the court reversed the decision of the Commissioner and remanded the case. (Doc. 20). After final judgment was entered (Doc. 21), Hunter requested an award of $8,724.25 for attorney's fees, $402 in costs, and $20.88 in expenses (Doc. 22).

To receive an award of fees and costs under EAJA, the following five conditions must be established: (1) plaintiff must file a timely application for attorney's fees; (2) plaintiff's net worth must have been less than $2 million dollars at the time the complaint was filed; (3) plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Upon consideration and with no opposition by the Commissioner on eligibility grounds, all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is a reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992). Upon review of the services provided, the requested hourly rates are reasonable, but the request for 40 hours of attorney time is not.

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the court determines an increase in the cost of living, or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Thus, determination of the appropriate hourly rate is a two-step process. The court first determines the prevailing market rate; then, if the prevailing

rate exceeds $125.00, the court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Hunter requests an hourly rate of $217.54 for work done in 2021 and $226.25 for work done in 2022, which is unchallenged by the Commissioner. (Doc. 22, p. 3). The requested hourly rates are reasonable.

However, upon review of the services provided, Hunter's request for 40 hours of attorney time is not reasonable. Notably, the Commissioner voluntarily remanded this action before any briefing was submitted to the court. And yet, in a similar action litigated by the same plaintiff firm, the court recently found 38 hours of attorney time reasonable when the matter was fully briefed, the parties litigated objections to the magistrate judge's report and recommendation, and the plaintiff prepared and filed a fee-and-cost motion pursuant to EAJA. *See Tumlin v. Comm'r of Soc. Sec.*, No. 2:19-cv-457-JLB-NPM, 2021 WL 4261216 (M.D. Fla. Sept. 20, 2021). As in *Tumlin*, the time spent modifying the boilerplate EAJA petition for use in this matter should be reduced from 2.3 hours to 1 hour.[1] While Hunter makes no effort to

---

[1] Another example of boilerplate usage is seen in the memorandum of law, which concludes with a reference to a petitioner called James Williams, who is not a party in this case. (Doc. 22, p. 8).

distinguish *Tumlin*, it appears from the motion to remand that more issues were at play in this case. (Doc. 17). However, the joint memorandum was still preliminary and not filed with the court, and the administrative transcript was not particularly lengthy as it did not exceed 820 pages. (Doc. 13). Plaintiff counsel's firm is aware of the need to elaborate why the number of hours requested here is reasonable even though the matter resolved in short order by an agreed remand. *See Porco v. Comm'r of Soc. Sec.*, No. 2:21-cv-32-JLB-NPM, 2022 WL 396318 (M.D. Fla. Jan. 25, 2022) (citing *Tumlin*), report and recommendation adopted, 2022 WL 394394 (M.D. Fla. Feb. 9, 2022). But there is no showing why the time devoted to preparing a preliminary and unfinished brief should exceed the 29 hours allowed in *Tumlin* for the filing of a complete and final brief that followed consultation with opposing counsel. *Tumlin*, 2021 WL 4261216 at *1-2.[2] At most, and based upon a close examination of the attorneys' time records, a reasonable amount of attorney time for what transpired here is only 31.2 hours total. Thus, based on the reasonable amount of attorney time and reasonable hourly rate, the court should award $6,798.58 in attorney's fees.[3]

---

[2] Consistent with plaintiff counsel's frequent use of templates and boilerplate devices, the attorney affidavit and schedule of hours submitted here are strikingly similar to those submitted in *Tumlin* and *Porco*. Compare Doc. 22-1 in this action to Doc. 38-1 in *Tumlin* and Doc. 25-1, pp. 1-12 in *Porco*.

[3] In coming to this amount, this report deducts 7.5 hours from work done in 2021 and 1.3 hours from work done in 2022. So the court should award $6,504.45 for work done in 2021 ($217.54/hr x 29.9 hours), and $294.13 for work done in 2022 ($226.25/hr x 1.3 hours).

Hunter also requests $402 in taxable costs for the filing fee and $20.88 for service-of-process expenses. (Doc. 22-1, p. 14). Pursuant to 28 U.S.C. § 2412 and as enumerated in 28 U.S.C. § 1920, an award of filing fee costs to the prevailing party is permitted. Therefore, the court should award $402 in costs. Hunter also requests $20.88 in expenses for serving the Commissioner by certified mail. These expenses appear reasonable and within the discretion of the court to award and are therefore recommended as well. *See Volk v. Astrue*, No. 3:11-cv-533-J-TEM, 2012 WL 5387967, *1 (M.D. Fla. Nov. 2, 2012) (finding the costs of mailing to file the complaint and for service of summons reasonable and awardable).

Finally, Hunter filed a fully executed "Attorney Fee Contract for Social Security Benefits/SSI Fee Agreement – Federal Court" (Doc. 22-2). The agreement provides: "[Plaintiff] hereby assign[s] any court awarded EAJA attorney fees and costs, for federal court work only, to my attorney." (*Id.*). Thus, the fee-and-cost award should be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by Hunter.

Accordingly, it is recommended that the court **GRANT IN PART** the unopposed petition for EAJA fees (Doc. 22) and direct the clerk to amend the judgment to include an award to Hunter of **$7,221.46** for fees, costs, and expenses.

This award should be paid directly to plaintiff counsel if the United States

Department of Treasury determines that no federal debt is owed by Hunter.

Respectfully recommended on April 18, 2022.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report
and Recommendation's factual findings and legal conclusions. A party's failure to
file written objections "waives the right to challenge on appeal the district court's
order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1.
**To expedite resolution, parties may file a joint notice waiving the 14-day
objection period.**