UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER HUNTER,

    Plaintiff,

v.                        Case No: 2:21-cv-476-JLB-NPM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## ORDER

On April 18, 2022, the Magistrate Judge entered a Report and Recommendation, recommending that Plaintiff's Unopposed Petition for EAJA Fees Pursuant to 28 U.S.C. [§] 2412 (d) (Doc. 22) be granted in part.  (Doc. 23.) Specifically, the Magistrate Judge found that "[Plaintiff's] request for 40 hours of attorney time is not reasonable," and that "[a]t most, . . . a reasonable amount of attorney time for what transpired [in this case] is only 31.2 hours total."  (Id. at 3–4.)  On April 28, 2022, Plaintiff filed an objection, raising two arguments: (1) the Magistrate Judge erred in sua sponte reducing the fees requested in his unopposed petition; and (2) the case relied upon by the Magistrate Judge in finding 40 hours unreasonable, Tumlin v. Comm'r of Soc. Sec., No. 2:19-cv-457-JLB-NPM, 2021 WL 4261216, at *1–3 (M.D. Fla. Sept. 20, 2021), is distinguishable from this case.  (Doc. 24 at 1–3.)  After an independent review of the record, the Court **OVERRULES** Plaintiff's objections, and **ADOPTS** the Report and Recommendation.

A district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). The district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

First, the Magistrate Judge did not err in sua sponte recommending the reduction of the attorney fees requested in Plaintiff's unopposed petition. (Doc. 23 at 2–4.) To begin, Plaintiff relies on out-of-circuit cases that this Court has previously found distinguishable. See Porco v. Comm'r of Soc. Sec., No. 2:21-cv-32-JLB-NPM, 2022 WL 394394, at *1 n.2 (M.D. Fla. Feb. 9, 2022); see also Disabled Patriots of Am., Inc. v. Niagara Grp. Hotels, LLC, 688 F. Supp. 2d 216, 222 (W.D.N.Y. 2010) (distinguishing United States v. Eleven Vehicles, Their Equip. & Accessories, 200 F.3d 203 (3d Cir. 2000) by noting that it was a circuit-specific ruling and finding that it does not stand for the proposition that a court must "rubber stamp" an unopposed fee application). Moreover, courts in this Circuit have reduced requested attorney time as excessive or unreasonable even in the absence of a specific objection. See, e.g., Louis v. Nelson, 646 F. Supp. 1300, 1315 (S.D. Fla. 1986); see also Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) ("[W]here the time or fees claimed seem expanded or there is a lack of documentation or testimonial support the court may make the award on its own experience." (citation omitted)). Because the "district court will always retain substantial discretion in fixing the amount of an EAJA award," the Court finds no reversible err in the Magistrate Judge's recommendation on the reduction of the

attorney fees requested in Plaintiff's unopposed petition.  Comm'r, I.N.S. v. Jean, 496 U.S. 154, 163 (1990).

Second, Plaintiff's attempt to distinguish Tumlin v. Comm'r of Soc. Sec., No. 2:19-cv-457-JLB-NPM, 2021 WL 4261216 (M.D. Fla. Sept. 20, 2021), is unavailing. As noted by the Magistrate Judge, Tumlin involved counsel from the same firm, the appeal of the Commissioner's decision was fully briefed, and the parties litigated objections to the report and recommendation.  (Doc. 23 at 3–4.)  By contrast, here, the Commissioner moved to remand the action before briefing was submitted to the Court, and there was no objection to a report and recommendation.  (Docs. 17, 18, 19, 20.)  Additionally, while Plaintiff notes that the transcript in this case was 805 pages long and he presented five arguments in a 25-page brief to the government, upon review of the unfinished Joint Memorandum, (Doc. 24-1), the Court finds that the issues raised by Plaintiff were not novel or complex.  Given the level of complexity of the issues presented in Plaintiff's unfinished brief, the Court agrees with the Magistrate Judge that 40 hours of attorney work in this case is excessive. See Garverick v. Comm'r of Soc. Sec., No. 2:15-cv-385-CM, 2017 WL 1838483, at *4 (M.D. Fla. May 8, 2017) (reducing the time spent drafting a plaintiff's 34-page brief from 41.60 hours to 27.6 hours because the issues were not novel or complex and plaintiff had experienced counsel, despite the record being 2,000 pages long); Meola v. Comm'r of Soc. Sec., No. 5:11-cv-421-Oc-PRL, 2012 WL 4077874, at *1 (M.D. Fla. Sept. 17, 2012) (reducing the time spent briefing and arguing the case from 30.5

hours to 22.87 hours where the legal issues were not novel, the facts were not complex, and counsel was experienced).

Moreover, as highlighted by the Magistrate Judge, "Plaintiff counsel's firm is aware of the need to elaborate why the number of hours requested here is reasonable." (Doc. 23 at 4 (citing Porco v. Comm'r of Soc. Sec., No. 2:21-cv-32-JLB-NPM, 2022 WL 396318 (M.D. Fla. Jan. 25, 2022), report and recommendation adopted, 2022 WL 394394).). Thus, any arguments regarding the complexity of a specific case should have been presented in Plaintiff's petition for fees. See Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.").

In all events, after an independent review of the record and based on the foregoing, the Court finds that Plaintiff's objections are overruled, and the Report and Recommendation is due to be adopted.

Accordingly, it is **ORDERED**:

1. Plaintiff's Objections (Doc. 24) are **OVERRULED**, and the Report and Recommendation (Doc. 23) is **ADOPTED**.

2. Plaintiff's Unopposed Petition for EAJA Fees Pursuant to 28 U.S.C. [§] 2412 (d) (Doc. 22) is **GRANTED in part**.

3. Plaintiff's motion is granted to the extent that the Court awards Plaintiff $7,221.46 in attorney's fees, costs, and expenses. If the United States Department of Treasury determines that Plaintiff does

- 5 -

not owe a federal debt, the Government may pay the award directly to Plaintiff's counsel.

4. Plaintiff's motion is denied to the extent that it seeks any greater or different relief.

5. The Clerk of Court is **DIRECTED** to enter judgment in Plaintiff's favor accordingly.

**ORDERED** at Fort Myers, Florida, on October 25, 2022.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE